IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW CHIEN, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:19-CV-814-HEH
)
GARY D. LECLAIR, *et al.*, )
)
        Defendants. )

**MEMORANDUM OPINION**
**(Disposition of Pending Motions)**

This matter is before the Court on another Complaint filed by *pro se* Plaintiff Andrew Chien ("Plaintiff") (ECF No. 1). Plaintiff has initiated a series of proceedings in this Court, and courts throughout the country, which all appear to arise out of the same course of events. Notably, this Court has previously admonished Plaintiff for his frivolous filings, and placed restrictions on Plaintiff due to his meritless, and burdensome, conduct. *See Chien v. Freer*, No. 3:13-cv-540-HEH, 2014 WL 4072147, at *3 (E.D. Va. Aug. 15, 2014).

Plaintiff is yet again before this Court, attempting this time to pierce the corporate veil after this Court stayed his penultimate lawsuit. Defendants have filed two Motions to Dismiss, a Motion for Sanctions, and a Motion to Strike that are now ripe for consideration.[1] The Court will dispense with oral argument because the facts and legal

---

[1] The named Defendants in this matter are Gary D. LeClair, Erik C. Gustafson, David C. Freinberg, Lori D. Thompson, Janice B. Grubin, and Elizabeth K. Acee (collectively referred to as "Defendants"). Defendants LeClair and Freinberg filed a Motion to Dismiss on November 25,

contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court will grant Defendants' Motions to Dismiss, deny as moot Defendants Freinberg's and LeClair's Motion to Strike, and deny Defendants Freinberg's and LeClair's Motion for Sanctions.[2]

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Thus, the

---

2019 (ECF No. 8), a Motion for Sanctions on December 12, 2019 (ECF No. 18), and a Motion to Strike on January 15, 2020 (ECF No. 41). Defendants Gustafson, Thompson, Grubin, and Acee filed a Motion to Dismiss on January 6, 2020 (ECF No. 24). Notably, the Motions to Dismiss filed by both groups of Defendants appear to be substantively identical.

[2] Defendants raised numerous challenges under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)—the majority of which are not addressed in this Memorandum Opinion. Accordingly, because the Court grants Defendants' Motions to Dismiss on the narrowest grounds possible, those Motions are only granted to the extent they are consistent with the reasons set forth in this Opinion. However, the Court notes that the defenses raised in these Motions, and not addressed in this Opinion, have not been waived by Defendants and remain preserved.

"[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 556). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

Plaintiff filed the immediate case just a few weeks after this Court stayed another suit filed by him against similar Defendants involving similar allegations. *See* Case No. 3:19-cv-135-HEH (the "stayed action"), ECF No. 37. In that case, Plaintiff filed suit

3

against LeClairRyan, and five other defendants, in yet another attempt to obtain relief on previously asserted claims. Because LeClairRyan filed a petition for bankruptcy under Chapter 11, and the liability of the remaining defendants was closely related to the claims in the bankruptcy matter, this Court stayed that action pending the resolution of the bankruptcy proceeding. Plaintiff has subsequently filed two motions to lift the stay in that case.

Apparently finding that his suit against LeClairRyan and the remaining five defendants in that case would not be immediately adjudicated in this Court, Plaintiff attempted to bypass this Court's Order in the stayed action by filing the immediate suit. In this case, Plaintiff is seeking to obtain relief on essentially the same claims as those asserted in the stayed action, except instead of suing LeClairRyan directly, he is seeking relief against six former directors and officers of the corporate firm. Furthermore, while Plaintiff names new Defendants in this case, Plaintiff states that he has filed this present action "to [pierce] the corporation veil," and that "[t]his case is the continuous of 3:19cv135," thereby expressly implicating the case this Court had previously stayed. (Compl. ¶ 1.)

Indeed, the present Complaint not only mirrors the complaint filed in the stayed action, but Plaintiff fails to assert any factual allegations against the named Defendants in this Complaint's "Brief of The Case." (Compl. at 7–20.) Furthermore, Plaintiff not only mistakenly filed documents in the stayed action that should have been filed in this matter, but also admitted to the Court that the filings "in both cases are identical." (Correction of Case Title of Appendix (I), ECF No. 40.) Finally, this suit was filed just over a month

4

after the underlying suit was stayed, and just one day before Plaintiff first sought to lift the stay in that underlying matter. Thus, Plaintiff is undoubtedly making an end run around this Court's Order staying the proceedings in Case No. 3:19-cv-135 by bringing this present action.

Notably, Plaintiff has previously made a similar attempt to bypass a court's order—which cautioned against future filings—by filing a new suit against similar defendants involving essentially the same claims. *Chien v. Clark*, No. 3:16cv1881(AVC), 2017 WL 6629263 (D. Conn. Sept. 8, 2017), *summarily aff'd*, No. 17-3695, 2018 WL 5880582 (2d Cir. July 12, 2018), *cert. denied*, 139 S. Ct. 826 (2019) (mem.). In granting the defendants' motion for sanctions, that court found that Plaintiff's

> current 211 page complaint essentially attempts to end run the court's previous denial of [his] motion to amend. . . . Although the complaint includes three additional parties, the claims are based on the same facts and events as previously alleged and any differences are only superficial. Further, [Plaintiff] fails to state why the claims and/or parties were not included in his original . . . complaint.

*Id.* at *2. That court then enjoined Plaintiff from filing any further actions without the court's leave. *Id.*

This case is no different. Not only are the claims in this case essentially the same as the ones asserted in the stayed action, but Plaintiff fails to establish how this suit is distinguishable from that matter. It appears that he filed this action solely to pursue the claims in the stayed action, except under a theory of piercing the corporate veil. Thus, like the court in Connecticut, this Court finds that on this ground alone this case should be dismissed.

Moreover, Plaintiff fails to state a claim upon which relief may be granted. As best as can be discerned, Plaintiff alleges various state law claims of gross negligence and recklessness, as well as violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*[3]

"The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999). "'Gross negligence' is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another. . . . [It] amounts to the absence of slight diligence, or the want of even scant care." *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987). Willful, wanton, and reckless conduct is the third degree of negligence. *Griffin v. Shively*, 315 S.E.2d 210, 212 (Va. 1984). It "is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his

---

[3] Plaintiff also claims that his "equal protection right of Amend[ment] XIV was invaded . . . ." (Compl. ¶¶ 54–55.) While it is not clear that Plaintiff is asserting these claims against the Defendants in the immediate Complaint, even liberally construing Plaintiff's Complaint to include such assertions, any alleged violations of the Equal Protection Clause of the Fourteenth Amendment would fail as Defendants are private individuals, and Plaintiff has failed to allege sufficient facts of state action. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972) ("In 1883, this Court . . . set forth the essential dichotomy between discriminatory action by the State, which is prohibited by the Equal Protection Clause, and private conduct, however discriminatory or wrongful, against which that clause erects no shield." (quotations and citations omitted)).

knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* at 213.

Plaintiff has failed to allege any facts showing that Defendants owed Plaintiff a legal duty or that they breached that duty.[4] *See Schmidt v. Hunsberger*, No. 1:14-cv-1372–LO, 2015 WL 1258961, at *7 (E.D. Va. Mar. 17, 2015) (determining that the four elements of negligence are required to make a showing of gross negligence). Indeed, as previously stated, the majority of his Complaint refers to conduct not attributable to Defendants. To the extent Plaintiff asserts any allegations of gross negligence or recklessness against these Defendants, they are legal conclusions that fail to satisfy the pleading standard. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."). Accordingly, Plaintiff's claims for gross negligence and recklessness must fail.

---

[4] Construing the Complaint liberally as this Court must, Plaintiff may be attempting to create a legal duty through his efforts to pierce the corporate veil in this case. Even if piercing the corporate veil would create a legal duty between these Defendants and Plaintiff, which Defendants dispute, Virginia law does not permit the corporate veil to be pierced in this matter. As the Fourth Circuit has articulated, Virginia has a particularly stringent standard for piercing the corporate veil. "Under Virginia law, plaintiff bears the burden of convincing the court to disregard the corporate form, and must first establish that 'the corporate entity was the *alter ego*, alias, stooge, or dummy of the individuals sought to be charged personally.'" *Perpetual Real Estate Servs., Inc. v. Michaelson Props., Inc.*, 974 F.2d 545, 548 (4th Cir. 1992) (emphasis in original) (quoting *Cheatle v. Rudd's Swimming Pool Supply Co.*, 360 S.E.2d 828, 831 (Va. 1987)). Furthermore, "plaintiff must also establish 'that the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime.'" *Id.* (quoting *Cheatle*, 360 S.E.2d at 831). Plaintiff has failed to allege sufficient facts to establish either element of this high standard.

7

As Plaintiff has previously been informed, in order to state a civil RICO claim, he "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Plaintiff must additionally show that (5) he was injured in his business or property (6) by reason of the RICO violation." *Chien v. Virginia*, No. 1:17-cv-677-LO, 2018 WL 1157548, at *2 (E.D. Va. Mar. 5, 2018) (citations and internal quotation marks omitted); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("The plaintiff must, of course, allege each of these elements to state a claim."); *Mid Atl. Telecom, Inc. v. Long Distance Servs., Inc.*, 18 F.3d 260, 263 (4th Cir. 1994) ("Civil RICO is, of course, a statutory tort remedy—simply one with particularly drastic remedies. Causation principles generally applicable to tort liability must be considered applicable." (citation and quotation omitted)).

Most evidently, Plaintiff has failed to allege sufficient facts establishing a pattern of racketeering activity or that these Defendants caused Plaintiff's injuries. *See* 18 U.S.C. § 1961; *Gov't of Dom. Rep. v. AES Corp.*, 466 F. Supp. 2d 680, 692 (E.D. Va. 2006) ("The Supreme Court held that plaintiffs suing under 18 U.S.C. § 1964(c) must establish that the alleged RICO violation was a proximate cause of the plaintiffs' injury. . . . The Court examines whether the conduct has been so significant and important a cause that the defendant should be held responsible." (internal citations and quotations omitted)); *Ownby v. Cohen*, 19 F. Supp. 2d 558, 564 (W.D. Va. 1998) ("To establish a RICO pattern, a plaintiff must show not only that there are predicate acts forming a pattern, but that these predicate acts 'amount to, or that they otherwise constitute a threat of, continuing racketeering activity.' . . . [T]he Fourth Circuit has dismissed several cases

8

that alleged predicate acts extending over a few months and threatening no future criminal conduct." (emphasis omitted) (quoting *Parcoil Corp. v. NOWSCO Well Serv., Ltd.*, 887 F.2d 502, 503 (4th Cir. 1989))); *id.* at 565 ("[B]reach of contract and breach of fiduciary duty are not among the crimes recognized as racketeering under RICO." (collecting cases)). Again, Plaintiff barely includes allegations against these Defendants in his indiscernible Complaint, and the allegations included are merely legal conclusions that fail to sufficiently establish RICO violations.

Finally, Plaintiff appears to assert violations under the FDCPA. "To establish a FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (unpublished) (quoting *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)). Most evidently, Plaintiff has failed to offer sufficient facts to establish that Defendants are debt collectors under the FDCPA. *See* 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."). Accordingly, Plaintiff fails to sufficiently establish claims under the FDCPA against these Defendants.

9

Therefore, for these reasons, Defendants' Motions to Dismiss will be granted, and Plaintiff's Complaint shall be dismissed for failing to state a plausible claim.[5] Accordingly, Defendants Freinberg's and LeClair's Motion to Strike shall be denied as moot.

Finally, in their Motion for Sanctions, Defendants Freinberg and LeClair move this Court to dismiss this matter due to Plaintiff's misconduct, award them attorneys' fees and costs in defending this suit, and issue a nationwide injunction barring Plaintiff from filing suit in any federal or state court in the United States without leave of this Court. The Court finds it premature, at this juncture, to sanction Plaintiff. *Cf. White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986) ("Federal courts have long recognized

---

[5] Notably, it appears that, although Count 11 alleges injuries from harm that occurred between June 2014 and June 2015, the lion's share of Plaintiff's Complaint appears to involve conduct that occurred between 2012 and 2013. Even if the statutes of limitations began to run in June 2015, Plaintiff's claims would be barred by the statutes of limitations. *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) ("The statute of limitations on private civil RICO claims is four years, beginning on the date the plaintiff discovered, or should have discovered, the injury." (internal quotations and citation omitted)); *Tanksley v. Rose*, No. 3:19cv229–HEH, 2020 WL 89692, at *6 (E.D. Va. Jan. 7, 2020) ("Plaintiff's negligence claim is a common law tort claim, and, in Virginia, such claims are governed by Virginia's two-year statute of limitations for personal injury actions." (citing Va. Code § 8.01-243(A))). While Plaintiff asserts that Va. Code § 8.01-229 tolls the statutes of limitations in this case for the period in which he was incarcerated, that statute only applies to suits in which "a convict is or becomes entitled to bring an action against his committee"—language from the statute that is conspicuously omitted from Plaintiff's Complaint. Moreover, the Fourth Circuit has made clear that incarceration does not toll Virginia's statutes of limitations. *See Almond v. Kent*, 459 F.2d 200, 203 (4th Cir. 1972); *see also Lewis v. Gupta*, 54 F. Supp. 2d 611, 616 (E.D. Va. 1999) ("The Fourth Circuit, in *Almond* . . . , and in a long series of unpublished opinions following *Almond*, has repeatedly held that Virginia's tolling statute does not toll statutes of limitations during a potential plaintiff's period of incarceration."). Thus, Plaintiff's claims must be dismissed as his Complaint was filed outside the time period permitted by the applicable statutes of limitations. However, to the extent Plaintiff asserts timely claims, or Defendants have not asserted this defense for particular claims, his Complaint would otherwise be dismissed for failure to state a claim.

their inherent power to sanction litigants for misbehavior in the judicial process."). However, the Court warns Plaintiff that, if he continues to submit non-meritorious filings related to these issues or claims already litigated in multiple courts throughout the country, the Court may find these sanctions appropriate—and necessary—at a later time. Accordingly, the Court will deny Defendants Freinberg's and LeClair's Motion for Sanctions.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 19, 2020
Richmond, VA